USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-20-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

- against -

JAMES S. BIEAR,

                  Defendant.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
DENYING APPLICATION TO
WITHDRAW AS COUNSEL

S3 09 Cr. 1185 (PKC)

CASTEL, District Judge:

        Before this Court is an application by Ronald L. Garnett, a member of the Court's CJA Panel, to withdraw as counsel to the defendant. It is joined in and supported by the defendant James S. Biear who seeks new appointed counsel. For reasons explained, the applications are denied.

        Mr. Biear was initially presented on November 23, 2009. He appeared by his private attorney Michael Bachner, who reported that he would remain with the case only through arraignment. Mr. Biear appeared before the Magistrate Judge on January 4, 2010 and executed a financial affidavit whereupon Sarah Baumgartel of the Federal Defenders of New York was appointed to represent him. Ms. Baumgartel represented Mr. Biear until March 2, 2010 when Ramon Pagan, Jr., privately-retained counsel entered an appearance on behalf of Mr. Biear. By March 11, 2010 trial had been set for May 5, 2010 and later adjusted to May 10, 2010.

        On April 9, 2010 Mr. Pagan wrote to the Court advising that Mr. Biear wanted new counsel "due to a difference in opinion on strategy" and that he, the lawyer, had been threatened with a disciplinary complaint by a person he believed to be associated with Mr. Biear

and had not been paid the agreed upon retainer amount. (Pagan Letter of Apr. 9, 2010; Docket # 19.) On April 23, 2010, Mr. Pagan moved to withdraw as counsel for Mr. Biear, which motion was granted and the trial rescheduled for July 7, 2010. On April 26, 2010, this Court formally reappointed Ms. Baumgartel of Federal Defenders to represent Mr. Biear in light of her prior familiarity with this case. By May 17, 2010, Mr. Biear wrote to the Court seeking to adjourn the July 7 trial date. The Court denied the application, advising Mr. Biear to proceed through his counsel. (Order of May 17, 2010; Docket # 24.) On the heels of this letter, Mr. Biear wrote to the Court on May 28, 2010 asking to appear before the Court for a determination of whether his "current trial counsel will render a constitutionally deficient performance." (Biear Letter of May 28, 2010; Docket # 25.) This Court scheduled a conference for June 11 and arranged to have present in the courtroom Mark DeMarco, the lawyer on duty from the Court's panel of available lawyers pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(c) ("CJA"). Alan Seidler, Esq., a private lawyer, was also present. Finding no good cause to make a substitution, the Court concluded that Ms. Baumgartel would continue as counsel for Mr. Biear.

With the July 7 trial date approaching, on June 23 Ms. Baumgartel wrote to the Court asking to be relieved as counsel and advising that "Mr. Biear continues to complain about my performance and question the advice being rendered." (Baumgartel Letter of June 23, 2010; Docket # 34.) She reported that the attorney-client relationship had "substantially broken down." (Id.) The Court denied the application without prejudice. (Order of June 24, 2010; id.) Thereafter, Ms. Baumgartel affiliated a second lawyer, Matthew Porpora, to assist with trial preparations. (Conference of July 1, 2010.)

Upon granting an application to transfer a criminal case against Mr. Biear pending in the District of Vermont to this District, the Court vacated the July 7 trial date. (Conferences of

July 1 and July 6, 2010.) Ms. Baumgartel again applied for permission to withdraw in view of the defendant's retention of private counsel. The Court granted that application on August 31, 2010. (Docket # 42.) Alan Seidler, Esq. entered a formal notice of appearance on September 1, 2010. (Docket #45.)

The trial of this action commenced on November 8, 2010 with Mr. Seidler acting as the defendant's privately-retained counsel. Twenty-five witnesses testified on the government's case-in-chief. The proof against the defendant was overwhelming. On November 18, after the close of the government's case, Mr. Seidler announced Mr. Biear's decision not to take the witness stand. The Court conducted an inquiry of Mr. Biear to ensure that this was a knowing and voluntary decision. In the course of the colloquy, Mr. Biear expressed his satisfaction with his existing counsel:

> THE COURT: . . . Are you satisfied with your lawyer's representation of you?
> THE DEFENDANT: Yes, your Honor.

(Nov. 18, 2010 Tr. at 1027.)

On November 22, 2010, the jury returned a verdict convicting Mr. Biear on all ten counts of the indictment. Sentencing was set for February 25, 2011 at 2:30 p.m. Thereafter, Mr. Seidler on behalf of Mr. Biear filed a written motion for a judgment of acquittal or for a new trial, which the Court denied in a Memorandum and Order of January 31, 2011. (Docket # 77.) The defendant moved for reconsideration, which motion was denied on June 8, 2011. (Docket # 87.) On May 10, 2011, Mr. Seidler filed a sentencing memorandum on behalf of Mr. Biear. (Docket # 83.)

By June 8, 2011, Mr. Biear began asserting that Mr. Seidler had ineffectively assisted him at trial: "Judge, my attorney did not effectively represent or advise me in violation of

the Sixth Amendment." (Docket # 88.) On June 10, 2011, I provisionally appointed Ronald Garnett of the Court's CJA Panel as Mr. Biear's attorney. Mr. Garnett's formal appointment and Mr. Seidler's withdrawal were effective July 5, 2011. (Docket # 98.) Sentencing was reset for September 19, 2011. At the request of Mr. Biear's new attorney, sentencing was further adjourned until November 8, 2011. (Docket # 106.) By November 8, 2011, Mr. Garnett sought leave to withdraw citing, among other things, interference in the attorney-client relationship by a third party and Mr. Biear's desire to have Mr. Garnett focus on matters on which the Court had already ruled. The Court denied the application and rescheduled sentencing for January 26, 2012; that date was further adjourned at the request of defense counsel and in one instance, the government, to March 29, the date for which it is presently scheduled.

Mr. Garnett has written to this Court advising that when he endeavored to meet with Mr. Biear in the legal visiting area of the Metropolitan Correctional Center ("MCC") on March 15, 2012, Mr. Biear advised that "he did not wish to, nor would he confer with me anymore." (Garnett Letter of Mar. 16, 2012.) Mr. Garnett seeks to withdraw and Mr. Biear seeks his replacement.

This Court denies the application to withdraw and/or replace Mr. Garnett, the defendant's fifth attorney in this case. A criminal defendant has the right to effective assistance of counsel under the Sixth Amendment. U.S. Const. amend. VI. "This right does not, however, guarantee a 'meaningful relationship' between the defendant and his counsel." United States v. John Doe # 1, 272 F.3d 116, 122 (2d Cir. 2001) (quoting Morris v. Slappy, 461 U.S. 1, 13–14 (1983)). A district court's consideration of a motion to replace appointed counsel requires consideration of the following factors: (1) the timeliness of the defendant's motion requesting new counsel; (2) whether the issue between the defendant and his attorney is so great that it results in a "total lack of communication preventing an adequate defense;" and (3) the extent to

which the defendant's own conduct contributed to the communication breakdown. John Doe # 1, 272 F.3d at 122–23 (quoting United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001) (per curiam)). Because these considerations overlap in this case, it is appropriate that they be discussed in tandem.

Mr. Biear's complaints against his lawyers are many and varied, and even those against Mr. Garnett cannot be neatly summarized. Perhaps Mr. Biear's earliest complaint to the Court concerning Mr. Garnett was sent in late October and which enclosed a copy of an October 23, 2011 letter to Mr. Garnett. The letter is instructive because it presents a common theme—the purported failure of Mr. Garnett to investigate the merits of the government's underlying case against him or his trial counsel's ineffectiveness. The letter alleges, among other things, that the government had schemed to keep important witnesses away from the defense and to influence the media against Mr. Biear.

On November 8, 2012, the Court held a sealed in camera hearing out of the presence of the government at which both Mr. Garnett and Mr. Biear testified under oath. Mr. Garnett testified that "all the issues that arose before are no longer an issue in my representation of him." (Nov. 8, 2012 Tr. at 7.) Mr. Garnett acknowledged that he had been ill for a period of time but, since recovering, he had visited Mr. Biear four times. (Id. Tr. at 10.) He recounted that his "focus has been distracted by all of these other side issues every time I see Mr. Biear." (Id. Tr. 10.) The side issues concerned Mr. Biear's being housed in a Special Housing Unit, a letter of support from an incarcerated person, interference in the attorney-client relationship from a friend of Mr. Biear, and Mr. Biear's focus on issues that had already been decided by the Court. (Id. Tr. 7, 9–11.) Mr. Garnett stated that he and Mr. Biear had agreed that he, Mr. Garnett, should withdraw. (Id. Tr. 11.) Mr. Biear expressed concern principally focused on Mr.

Garnett's command of pretrial discovery, a matter of marginal, if any significance, in the sentencing phase. (Id. Tr. 12–13.) Mr. Biear expressed the view that "my confidence is very poor in my representation." (Id. Tr. 14.) At the conclusion of the in camera portion of the hearing, the Court reviewed the history of Mr. Biear's efforts to manipulate the judicial process through efforts to replace counsel and denied the application to withdraw and/or appoint new counsel. (Id. Tr. 15–24.)

This Court adheres to the views expressed on November 8. There is no basis, in fact, to Mr. Biear's complaints against Mr. Garnett. If at times Mr. Garnett, an experienced member of the CJA panel, has been unavailable because of trial commitments, illness or otherwise, it is inconsequential because this Court has granted repeated adjournments of the sentencing date.

Mr. Biear's claim that Mr. Garnett ought to be investigating issues of whether he was wrongfully convicted by reason of government misconduct or the ineffective assistance of trial counsel is without substance because the timing is wrong. True, such claims may be timely raised in a district court prior to sentencing and need not await for a subsequent motion pursuant to 28 U.S.C. § 2255. United States v. Brown, 623 F.3d 104, 112–13 (2d Cir. 2010). But if a defendant wishes to have the district court decide the issues prior to sentencing, then his proper course is to file a timely motion for a new trial under Rule 33, Fed. R. Crim. P. Id. at 113 n.5 ("[W]e hold that the proper procedural avenue for defendants who wish to raise ineffective assistance claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.") A defendant may ask the Court to extend the time for filing of a Rule 33 motion in order to have new counsel prepare the Rule 33 motion. Rule 45(b), Fed. R. Crim. P. Here, the defendant did not raise a peep about Mr. Seidler's purported

ineffectiveness until after the Rule 29/33 motions were decided by the Court. Mr. Biear filed a pro se motion to reconsider, but again did not raise the ineffective assistance claim. (Docket # 87.) With the original Rule 33 motion fully briefed and decided, Mr. Biear's remedy is to proceed to sentencing and a direct appeal and then to pursue a motion pursuant to 28 U.S.C. § 2255, in the event his conviction is affirmed on appeal.[1] This is a particularly appropriate route because Mr. Biear's ineffective assistance claims appear to be a moving target and can be consolidated with any other ineffective assistance claims he wishes to make in the future. Thus, Mr. Garnett's unwillingness to pursue these collateral attacks is most appropriate.

The Court has recently learned from Mr. Biear that he filed a disciplinary complaint against Mr. Garnett with New York State authorities. (Motion of Mar. 15, 2012; Docket # 114.) On February 28, 2012, Mr. Biear was informed by the state that the "[Disciplinary] Committee has decided to take no further action." (Dopico Letter of Feb. 28, 2012.) Thus, if the existence of a complaint against Mr. Garnett ever presented a conflict (assuming that Mr. Garnett knew of its existence), it does no longer. Moreover, this Court concludes that any complaint against Mr. Garnett is frivolous and made for the purpose of obtaining yet another counsel; therefore, it does not present a disqualifying conflict. See Mathis v. Hood, 937 F.2d 790, 796 (2d Cir. 1991) ("A frivolous complaint against an attorney, or one filed for purposes of delay, or even one filed for the purpose of obtaining new counsel, would not create a conflict of interest warranting habeas relief of the type approved here.").

Turning to the application of the four factors noted in John Doe # 1, 272 F.3d at 122–23, Mr. Biear's complaints were first raised on October 23, 2011 and are deemed to be

---

[1] The Court declined to entertain a pro se motion by Mr. Biear filed on August 12, 2011 endeavoring to belatedly raise the claim of ineffective assistance of counsel by Mr. Seidler.

timely, although the asserted grounds have varied over time. The Court's inquiry has been adequate because it is based on an in camera hearing and the many written statements of Mr. Biear to the Court and the responses of Mr. Garnett.[2] There has not been a total breakdown of communication until the one recently manufactured by Mr. Biear on March 15, 2012. Mr. Garnett met with and discussed the Presentence Report with Mr. Biear as recently as March 14, 2012. He again endeavored to meet with Mr. Biear on March 15 but he, Mr. Biear, declined to meet with Mr. Garnett. (Garnett Letter of Mar. 16, 2012.) This was a volitional act by Mr. Biear; thus, his own conduct has contributed to the breakdown. The Court concludes based upon the totality of the record that Mr. Biear has acted with a conscious purpose to impede and thwart the orderly adjudication of the case against him.[3] The Court finds no valid basis to replace Mr. Garnett with another member of the Court's CJA Panel and concludes that such an appointment would likely lead to yet another application by yet another lawyer who declines to raise Rule 29 or Rule 33-type issues based upon previously known facts at this late juncture. Allowing this exercise to play out again with a sixth lawyer would violate Rule 32(b)(1), Fed. R. Crim. P., which provides that "[t]he court must impose sentence without unnecessary delay."

Mr. Garnett will remain as counsel to Mr. Biear and may advance any non-frivolous arguments on Mr. Biear's behalf at sentencing. The government's sentencing memorandum has been on file since August 3, 2011. (Docket # 103.) Of course, Mr. Biear is free to once again retain private counsel as he did with Messrs. Bachner, Pagan, and Seidler. He is also free to represent himself, provided a proper inquiry is first made on the record. See

---

[2] See, e.g., Biear Letters of Oct. 29, 2011, Dec. 4, 2011, Dec. 17, 2011, Jan. 30, 2012, Feb. 28, 2012, Feb. 29, 2012; Biear Pro Se Motions of Mar. 15, 2012 and Mar. 16, 2012.
[3] The Court found that Mr. Biear's effort to have Ms. Baumgartel relieved as his counsel on her second go-round in the case was based upon a "tactical motivation" by a "very intelligent man." (June 11, 2010 Tr. 16.)

Farretta v. California, 422 U.S. 806 (1975). In all circumstances, Mr. Biear will be free to address the Court on the day of sentencing.

The applications to withdraw by Mr. Garnett and application for the appointment of new counsel by Mr. Biear are DENIED. Sentencing will proceed as scheduled for March 29, 2011 at 11 a.m.

SO ORDERED.

                                                  P. Kevin Castel
                                         United States District Judge

Dated: New York, New York
       March 20, 2012